Polen v. Palmer.

---

## James N. Polen v. Frank M. Palmer.

1. USURY—*Interest in Advance.*—A note bearing the highest rate of legal interest payable in advance is not usurious.

2. FORCIBLE DETAINER—*Defense of Usury.*—A person purchased a lot on time, taking an agreement for a deed on making certain payments, etc., and also purchased lumber of the same person to build a house on the same; having failed to make his payments, he can not, in an action of forcible detainer for the possession of the premises, set up the fact that the notes given for the lumber were usurious as a defense to the action, claiming that the sale of the lot and of the lumber were one transaction.

**Memorandum.**—Forcible detainer. Appeal from the Circuit Court of De Witt County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The statement of facts is contained in the opinion of the court.

P. T. & E. J. SWEENEY, attorneys for appellant.

MOORE & WARNER, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was forcible detainer, by the vendor against the vendee, under the 5th clause, Sec. 2, Ch. 37, R. S. The cause was submitted to the court, a jury being waived, and judgment was for the plaintiff.

The only question now presented is, whether there was

usury in the contract, and if so, whether it tainted the whole transaction or only the particular notes which, in effect, reserved excessive interest as alleged.

By the written contract the vendee was to pay $150 for the lot in dispute, five years after date, with eight per cent interest thereon annually in advance, which was a legal agreement. He was also to pay $150 for lumber furnished by the vendor, with which to build a house. This latter sum was to be paid, as evidenced by thirty monthly notes, of $6 each, $180 in all, being the sum of $150 and eight per cent interest thereon for two years and six months.

As the principal was thus to be reduced by a payment each month, it is argued that the vendor would indirectly receive more than lawful interest on the $150 agreed to be paid for the lumber, and so the interest on this sum n us all be forfeited, and because the sale of the lot and the sale of the lumber constituted in effect but one transaction, the taint of usury should also affect the purchase money of the lot, and thereby the interest thereon should also be forfeited.

It will be noticed that the purchase money of the lot was to be paid on terms different from those fixed for the lumber indebtedness, and that the latter was specially secured by a chattel mortgage on the house, and while payments of both liabilities and of all subsequent taxes, were conditions precedent to the making of the deed, yet, we think the position of the appellant is unreasonable and unsound.

Conceding that so much of the transaction as relates to the lumber item is to be treated as a "loan or forbearance" of $150, and that the notes given therefor covered usurious interest thereon, yet it is but fair and just to treat this as a separate and distinct matter, and if all the interest as to it be forfeited, leaving the price of the lot unaffected, it will fully meet the letter and spirit of the law. So regarding it, the appellant was in default, and by the terms of the agreement, the appellee was entitled to the possession of the lot. The judgment of the Circuit Court is correct and it will be affirmed.